STATE of Wisconsin, Plaintiff-Respondent-
Petitioner,

v.

Syed Tagi SHAH, Defendant-Appellant.

Supreme Court

*No. 85–1028–CR. Argued November 25, 1986.—Decided December 22, 1986.*

(Also reported in 397 N.W.2d 492.)

246

For the plaintiff-respondent-petitioner there were briefs by *Stephen W. Kleinmaier*, assistant attorney general, and *Bronson C. La Follette*, attorney general, and oral argument by *Barry M. Levenson*, assistant attorney general.

For the defendant-appellant there was a brief and oral argument by *Louis B. Butler, Jr.*, assistant state public defender.

SHIRLEY S. ABRAHAMSON, J. This is a review of an unpublished decision of the court of appeals filed December 26, 1985, reversing a judgment of conviction of the circuit court for Milwaukee county, Ralph G. Gorenstein, Judge. The jury found the defendant guilty of second degree murder.

The issue presented on review is whether the instruction given to the jury on circumstantial evidence shifted the burden of persuasion regarding the defendant's claim of self-defense or imperfect self-defense to the defendant. The court of appeals concluded that the instruction erroneously shifted the burden to the defendant and ordered a new trial because the error was prejudicial. We conclude that the instruction did not impose the burden of persuasion on the defendant, and we therefore reverse that part of the decision of the court of appeals which reversed the judgment of conviction and ordered a new trial. We affirm the judgment of conviction of second degree murder[1] and remand the cause to

---

[1] The court of appeals concluded that the evidence was sufficient to support a verdict of second-degree murder. If the court of appeals reviews the sufficiency of evidence, this court does not ordinarily take the case on a petition to review simply to re-examine the record. We have, however, reviewed the record in this case and

the circuit court for resentencing for that offense.[2]

The circuit court instructed the jury on circumstantial evidence by giving the pattern instruction and adding commentary at the beginning and the end of the instruction to comply with the defendant's request that the jury be told that the defendant may rely on circumstantial evidence.[3] A copy of the instructions was provided to the jury for use during deliberations pursuant to sec. 805.13 (4), Stats. 1983–84. The instruction which is the focus of this review is as follows:

> "The next instruction is called circumstantial evidence, and depending—it gets a little complicated for me to pinpoint exactly which instruction and which way the circumstantial evidence fits in this case, and let me just generally tell you that both the State and the defendant relies, depending on which charges you are looking at, partly or wholly or both upon circumstantial evidence. Circumstantial evidence is the proof of certain facts from which a jury

---

conclude, as did the court of appeals, that the evidence is sufficient to support the conviction.

[2] The challenge to the sentence in the court of appeals was not to the length of the term. The defendant asserted that the circuit court "failed to set forth on the record its consideration of sentencing factors, focused on only one of the factors and relied on irrelevant and impermissible factors." Court of Appeals. At 6–7. The court of appeals concluded that the circuit court abused its discretion by not stating fully the factors it considered in sentencing. The state did not seek review of that part of the decision of the court of appeals vacating the sentence. We therefore consider that part of the decision of the court of appeals remanding the matter to the circuit court for resentencing as affirmed.

[3] Wis. J.I.—Criminal, No. 170 (1978).

may logically infer the existence of other facts according to the knowledge of common experience of mankind.

It is not unusual in a criminal case to rely upon circumstantial evidence. Circumstantial evidence may be so weak as to not meet the standard of proof required. However, circumstantial evidence may be stronger and more convincing than direct evidence.

To warrant a finding of guilt on circumstantial evidence facts necessary for the conclusions sought to be established must be proven by competent evidence beyond a reasonable doubt, and these facts must be consistent with each other and with the guilt of the defendant and the circumstances must lead you to conclude beyond a reasonable doubt that the accused committed the offense.

The evidence is not sufficient to meet the burden of proof if the facts simply render probable the guilt of the accused. The defendant must not be found guilty unless no other conclusion than that of the guilt of the accused fairly and reasonably grows out of all of the evidence in this case.

And I will allow you to interpolate how that would apply to the defendant rather than the State. Obviously this instruction was written from the viewpoint of the State, and you could use the same basic test for the defendant."

In order to understand the genesis of the instruction on circumstantial evidence, we shall briefly set forth the evidence presented to the jury and the dialogue between the circuit court and counsel relating to the instruction in question.

The evidence presented was that on February 22, 1984, the defendant met with Karnail Singh, a former business partner, to accompany him to a meeting to discuss their former business ventures, which had ended because of their disagreements. While Singh was driving the defendant to the meeting, Singh was fatally shot. An eyewitness heard two pops or bangs, saw Singh's car come to a complete stop against a lamp post, and then saw a man run out of the passenger side of the car. When a police officer approached the car, the motor was still running and the transmission was in drive. The gun was found in a garbage can near the car. Singh's wife testified that Singh did not own a gun.

The state sought a jury verdict of first degree murder, arguing that the defendant intentionally killed the deceased. The state's case was based in large part on circumstantial evidence, including the victim's position in the car, powder burns, the bullet wounds, and the location of spent shell casings on the passenger's side of the car.

The defendant relied on circumstantial evidence and his testimony, claiming self-defense or imperfect self-defense. He asserted that Singh was shot as a result of a scuffle over possession of a gun that Singh himself had produced. According to the defendant, the initial possession of the gun and whether Singh had his hands on the gun when it was fired could only be established by circumstantial evidence.

The defendant requested the circuit court to instruct the jury that "the State and defendant rely on circumstantial evidence." The defendant did not propose any language to effect his request, and the parties and the circuit court did not discuss the request further. The judge did, however, admonish the attorney to listen

when he read the instruction because at the end of the instruction he would ask whether there were any additions or corrections. The parties first heard the circumstantial evidence instruction when the circuit court instructed the jury.

After reading the instructions to the jury the circuit court asked counsel in open court whether either one wished to make any corrections or additions. The state made one correction. The defense counsel responded "I think you did a good job, Judge."

The first issue concerning the circumstantial evidence instruction is whether the defendant waived his objection to the instruction. The state argues that the defendant failed to object to the instruction and that, under sec. 805.13(3), Stats. 1983-84,[4] the defendant's

---

[4] Section 805.13 (3), Stats. 1983-84, reads as follows:

"(3) INSTRUCTION AND VERDICT CONFERENCE. At the close of evidence and before arguments to the jury, the court shall conduct a conference with counsel outside the presence of the jury. At the conference, or at such earlier time as the court reasonably directs, counsel may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions. The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit. Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict."

If sec. 805.13 (3) applies, the state correctly notes that even when an instruction misstates the law, the party must object to the instruction to preserve a challenge to the instruction as of right on appeal. Failure to object to an instruction constitutes a waiver of the error. *State v. Zelenka*, 130 Wis. 2d 34, 44, 387 N.W.2d 55 (1986) (sec. 805.13 (3) applies to criminal cases by virtue of sec. 972.11 (1); see also sec. 972.01). *Cf. In Interest of C.E.W.*, 124 Wis. 2d 47, 53-54,

failure to object constitutes a waiver of any objection. The state urges that the defendant cannot, as a matter of right, raise the alleged error in the court of appeals or in this court.[5]

368 N.W.2d 47 (1985) (applying sec. 805.13 (3) to ch. 48, termination of parental rights).

In *Air Wisconsin, Inc. v. North Central Airlines, Inc.*, 98 Wis. 2d 301, 315–316, 296 N.W.2d 749 (1980), the court explained that the adoption of sec. 805.13 (3), which is applicable to trials commencing January 1, 1976 and thereafter, changed the former rule, expressed in *Randolph v. State*, 83 Wis. 2d 630, 638, 266 N.W.2d 334 (1978), which in turn relied on *Lambert v. State*, 73 Wis. 2d 590, 607, 243 N.W.2d 524 (1976), that an objection to an instruction is not "waived when the instruction misstates the law, rather than being simply imperfect or incomplete."

The court of appeals concluded in this case that if the jury instructions misstate the law or mislead the jury, error is not waived by failure to object, citing *State v. Nye*, 100 Wis. 2d 398, 401, 302 N.W.2d 83 (Ct. App. 1981). The *Nye* case relied on *Wray v. State*, 87 Wis. 2d 367, 373, 275 N.W.2d 731 (Ct. App. 1978), which in turn relied on *Lambert v. State, supra. Lambert*, which preceded the adoption of sec. 805.13 (3), is not relevant to trials commencing after January 1, 1976. The court of appeals mistakenly continues to rely on *Lambert*. See *e.g., State v. Moriarty*, 107 Wis. 2d 622, 630, 321 N.W.2d 324 (Ct. App. 1982).

[5] The state also argues that when the circuit court gives a jury instruction which the defendant requested and the defendant then claims the instruction is erroneous, the defendant must base his claim for a new trial on the ground that he was deprived of the effective assistance of counsel in violation of the sixth and fourteenth amendments of the federal constitution, not on the erroneous jury instruction. The state asks us to "establish a single method by which a defendant can reach alleged trial court error when the trial court has taken action in response to the *request* of the defendant's attorney and the trial court's action has been approved by that attorney." Brief, p. 11 (emphasis added). We need not discuss the state's proposal. This case does not fit within the state's factual

The defendant counters this argument by relying on sec. 805.13(4), Stats. 1983-84, which states that a party does not waive an error in the instructions if he or she fails to object to a material variance or omission between the instructions given and the instructions proposed.[6] The defendant asserts that sec. 805.13(3) applies when the circuit court advises the parties about the instruction prior to reading it to the jury and that sec. 805.13(4) applies in this case when the parties learn of the instruction on the reading of the instructions to the jury.

The court need not decide whether the defendant has properly preserved his objection for review of the instruction as a matter of right. Even if counsel has

premise for its proposed "single method for reaching trial court error." The defendant in this case did not request the circumstantial evidence jury instruction.

In this case defense counsel requested an instruction on circumstantial evidence but did not request the instruction given. Defense counsel's "after the fact approval" of the instruction does not constitute a request for the instruction. Defense counsel's approval of the instructions is substantially similar to counsel's affirmatively stating that there is no objection to the instruction or to counsel's silence regarding the instruction.

[6] Section 805.13(4), Stats. 1983-84, reads as follows:

"INSTRUCTION. The court shall instruct the jury before or after closing arguments of counsel. Failure to object to a material variance or omission between the instructions given and the instructions proposed does not constitute a waiver of error. The court shall provide the jury with one complete set of written instructions providing the substantive law to be applied to the case to be decided."

The defendant in *State v. Paulson*, 106 Wis. 2d 96, 101-104, 315 N.W.2d 350 (1982), made a similar argument. The court did not reach the issue in that case because the court concluded the defendant had requested the instruction given.

failed to enter a proper objection at trial, an appellate court may nevertheless reach the merits of the defendant's claimed error. This court has exercised its discretion to review jury instructions which go to the integrity of the fact-finding process. *See, e.g., State v. Zelenka,* 130 Wis. 2d 34, 44-45, 387 N.W.2d 55 (1986); *State v. Gustafson,* 119 Wis. 2d 676, 693, 351 N.W.2d 653 (1984), *cert. denied,* 471 U.S. 1056 (1985), *modified* 121 Wis. 2d 459, 359 N.W.2d 920 (1985); *State v. Baldwin,* 101 Wis. 2d 441, 445-46, 304 N.W.2d 742 (1981). Because the circumstantial evidence instruction in this case goes to the integrity of the fact-finding process, the court exercises its discretion to review the merits of the instruction irrespective of the waiver of objection.[7] We therefore turn to the second issue, the substance of the instruction.

■

The parties agree that under Wisconsin law, the state has the burden of persuasion beyond a reasonable doubt on the issue of self-defense; the state must negate the defense once the issue is raised. *State v. Staples,* 99 Wis. 2d 364, 376-77, 299 N.W.2d 270 (Ct. App. 1980); *Moes v. State,* 91 Wis. 2d 756, 764-65, 287 N.W.2d 66

---

[7] This court has stated that it may in its discretion, irrespective of any objection, elect to review an alleged error. See *Ollinger v. Grall,* 80 Wis. 2d 213, 223, 258 N.W.2d 693 (1977) (alleged defective verdict and instructions reviewed as a matter of discretion); *State v. Wedgeworth,* 100 Wis. 2d 514, 528, 302 N.W.2d 810 (1981) (error in respect to admissibility of weapons reviewed as a matter of discretion citing *Ollinger*); *Manson v. State,* 101 Wis. 2d 413, 417-18 n. 2, 304 N.W.2d 729 (1981) (error in respect to instruction reviewed as a matter of discretion citing *Wedgeworth*); *State v. Sonnenberg,* 117 Wis. 2d 159, 176 n. 6, 344 N.W.2d 95 (1984) (error in respect to admission of evidence reviewable as a matter of discretion citing *Ollinger*).

(1979). The parties further agree that if the instruction shifted the burden of persuasion to the defendant, it was erroneous. The parties disagree whether the circumstantial evidence instruction in this case shifted the burden of persuasion to the defendant.

The defendant asserts that the instruction requires the defendant to establish his claim of self-defense (or imperfect self-defense) beyond a reasonable doubt because the defendant's claim was established by circumstantial evidence.

We agree with the defendant that the circumstantial evidence instruction was poorly framed. The circuit court was not well advised to tell jurors, without any explanation, that they could use "the same basic test for the defendant" as for the state and that they should "interpolate" instructions for the defendant which were written from the viewpoint of the state. It would have been better practice for the circuit court to have adapted the instruction to the case rather than to rely on the jurors to perform that function without any further explanation of how they were to accomplish the task.

The question is not, however, whether the language of the instruction is elegant but rather whether it erroneously shifts the burden of persuasion to the defendant. We must apply the test of a reasonable-juror's-interpretation to determine whether the instruction is erroneous. The instruction on circumstantial evidence is erroneous if a reasonable juror could have interpreted the instruction, together with the other instructions viewed in their entirety, as shifting the burden of persuasion on the issue of self-defense or imperfect self-defense to the defendant. *Barrera v. State*, 109 Wis. 2d 324, 329, 325 N.W.2d 722 (1982).

We are not persuaded that the circumstantial evidence instruction, even when read alone, advised the jury that insofar as it was considering circumstantial evidence supporting the defendant's claim of self-defense the defendant must establish the defense beyond a reasonable doubt. We reach this conclusion for several reasons.

First the instruction in question never expressly places the burden of persuasion on the defendant. In fact, it never expressly places the burden of persuasion on either party. The jury was instructed that "to warrant a finding of guilt on circumstantial evidence facts necessary for the conclusions sought to be established must be proven by competent evidence beyond a reasonable doubt . . . . and the circumstances must lead you to conclude beyond a reasonable doubt that the accused committed the offense."

The circuit court in this case instructed the jury to "interpolate" how the circumstantial evidence instruction applies to the defendant. The court then added that the "same basic test" —i.e., that guilt must be proven beyond a reasonable doubt—applies when considering the defendant's reliance on circumstantial evidence. A reasonable juror would not conclude that the language used was designed to shift the burden of persuasion to the defendant with regard to the defendant's claim of self-defense insofar as that claim rested on circumstantial evidence.

The second reason that one cannot reasonably interpret the instruction standing alone as shifting the burden of persuasion to the defendant is that such an interpretation leads to an absurd result. The defendant's suggested interpretation places the burden of persuasion

on the defendant with regard to circumstantial, but not with regard to direct, evidence. The burden of persuasion in a criminal case, however, requires a jury to consider whether all the evidence, circumstantial and direct, taken together proves the defendant guilty beyond reasonable doubt. A special burden of persuasion is not borne with respect to a particular type of evidence. We do not think jurors could reasonably have concluded, as they considered both direct and circumstantial evidence in evaluating the question of guilt and the defendant's claim of self-defense, that the state would have the burden of persuasion for all types of evidence except the circumstantial evidence supporting the defendant's claim. Instead, reasonable jurors would have interpreted the "beyond a reasonable doubt" language in the circumstantial evidence instruction as they interpreted identical language in other instructions. They would have interpreted the circumstantial evidence instruction as stating the rule that the state bears the burden of persuasion beyond a reasonable doubt.

While the circumstantial evidence instruction in this case is poorly worded and could be clearer, we conclude that a reasonable juror would not interpret the instruction as shifting the burden of persuasion to the defendant.

When the circumstantial evidence instruction is read with the other instructions, it is clear that the jury was advised that the state has to carry the burden of persuasion. The circuit court instructed the jurors that if they found that the defendant caused the death as charged but that he did so in such a way that the force was privileged under the law of self-defense, then the jury "must find the defendant not guilty, giving the defendant the benefit of any reasonable doubt as to

whether his conduct was privileged under the law of self-defense. In other words, before [the jurors] can find the defendant guilty of the offense charged [they] must be satisfied beyond a reasonable doubt from the evidence in this case the use of force by him against Karnail Singh, if such force was so used, was not privileged under the law of self-defense . . . ."

Immediately after giving the instruction on self-defense, the circuit court instructed the jury that the defendant was presumed innocent and was not required to prove his innocence and that the burden of proving the defendant guilty of every element of the crime charged is upon the State. The jury was told that if it could reconcile "the evidence upon any reasonable hypothesis consistent with the defendant's innocence, [it] should do so and find him not guilty."

A reasonable juror listening to all the instructions given by the circuit court would not have understood the circumstantial evidence instruction as shifting the burden of persuasion to the defendant. Our review convinces us that the objectionable instruction, either alone or together with the other instructions, informed the jury that the state had the burden of persuasion beyond a reasonable doubt on all issues.

For the reasons set forth, we affirm the judgment of conviction for second degree murder and remand the cause to the circuit court for resentencing on the second degree murder conviction.[8]

---

[8] After the case was submitted to the court of appeals the defendant moved the court of appeals for remand to the circuit court for a further evidentiary hearing to determine whether newly discovered evidence justifies a new trial. The court of appeals denied the motion because it granted the defendant a new trial. The court of appeals noted that the defendant could attempt to introduce the new evi-

*By the Court.*—The decision of the court of appeals is affirmed in part and reversed in part; the cause is remanded to the circuit court for resentencing on the second degree murder conviction.

dence at the trial de novo. This court does not consider or decide the defendant's motion for remand for a further evidentiary hearing but treats the motion as one pending before the circuit court for that court to decide on remand of this cause for resentencing.