# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Scott DAMON, Defendant-Appellant.†

Court of Appeals

*No. 86–1656–CR. Submitted on briefs March 2, 1987.—Decided
May 26, 1987.*

(Also reported in 409 N.W.2d 444.)

† Petition to review dismissed. Motion for reconsideration denied.

For the defendant-appellant, Scott Damon, there were briefs submitted by *Ralph A. Kalal* of *Kalal & Habermehl* of Madison.

For the plaintiff-respondent, State of Wisconsin, there was a brief submitted by *Donald J. Hanaway,* attorney general, and *Sally L. Wellman,* assistant attorney general of Madison.

Before Cane, P.J., Myse and Dykman, JJ.

MYSE, J. Scott Damon appeals a judgment convicting him of second-degree felony murder contrary to sec. 940.02(2), Stats., and an order denying his motion for post-conviction relief. Damon argues that the trial court erred by admitting certain testimony. He also contends that the trial court erroneously instructed the jury that a second-degree sexual assault committed contrary to sec. 940.225(2)(b), Stats., was a felony upon which a felony murder conviction could be based. Because Damon has waived both issues and because we decline to exercise our discretionary powers to review them, we affirm the judgment and order.

In October, 1984, Scott Damon was charged with the first-degree murder and sexual assault of Lolita Chadek. At trial, the state presented evidence that a palm print found in Chadek's bathroom matched that of Damon. In response, Damon called a fingerprint expert, Richard Kramer, who testified that the palm print did not match Damon's print. In rebuttal, the state called a local attorney, Michael Hoover, who testified that when he had been an assistant district attorney, his office had not employed Kramer as a fingerprint expert because it was difficult to establish his expertise in court.

Damon argues that the trial court erred by permitting Hoover to testify as to Kramer's qualifications as a fingerprint expert. Damon asserts that this testimony was improper impeachment by the use of extrinsic evidence and improperly impeached Kramer's character. Sections 904.04 and 906.08, Stats. He also asserts that Hoover's testimony was based upon inadmissible hearsay and that its admission violated his sixth amendment right to confrontation. *See Virgil v. State,* 84 Wis. 2d 166, 183–84, 267 N.W.2d 852, 861–62 (1978); sec. 908.01, Stats.

■

At trial, Damon did not object to Hoover's testimony. Failure to make a timely objection to the admissibility of evidence waives that objection. Section 901.03(1)(a), Stats.;[1] *State v. Hoffman,* 106 Wis. 2d 185, 214, 316 N.W.2d 143, 159 (Ct. App. 1982). Without an objection, even an error based upon an alleged violation of a constitutional right may be waived. *Maclin v. State,* 92 Wis. 2d 323, 328–29, 284 N.W.2d 661, 664 (1979); *State v. Williamson,* 84 Wis. 2d 370, 379–80, 267 N.W.2d 337, 341–42 (1978). By failing to object to Hoover's testimony, Damon has waived his right to a review of any error in admitting that testimony. *See State v. Gustafson,* 119 Wis. 2d 676, 683–84, 350 N.W.2d 653, 657 (1984).

---

[1]Section 901.03(1)(a) provides:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected; and

(a) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

Damon asserts that the admission of Hoover's testimony constituted plain error. Regardless of waiver, a court may take notice of a plain error affecting the substantial rights of a defendant. Section 901.03(4), Stats.[2] Plain error is an error so fundamental or substantial that a new trial or other relief must be ordered even though it was not brought to the trial court's attention. *State v. Sonnenberg,* 117 Wis. 2d 159, 176, 344 N.W.2d 95, 103 (1984). The plain error exception is to be used sparingly, however, and only where an accused has been denied a basic constitutional right. *Id.* at 177, 344 N.W.2d at 104.

Under the facts of this case we are satisfied that the admission of Hoover's testimony, even if error, was not so fundamental or substantial that a new trial must be ordered. Therefore, we decline to determine whether its admission was error.

Next, Damon argues that the trial court erroneously instructed the jury that a second-degree sexual assault committed contrary to sec. 940.225(2)(b) is a felony upon which a felony murder conviction can rest. He also maintains that the court should have instructed the jury that to support a conviction for felony murder, the actor had to foresee the possibility of injury or death in committing the predicate felony.

Damon not only failed to object to the felony murder instruction given, but in fact he requested the

[2]Section 901.03(4) provides:

> Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the judge.

instruction. A special waiver rule applies to jury instructions. Section 805.13(3), Stats., requires that litigants state the grounds for an objection to proposed jury instructions with particularity.[3] Failure to timely object waives any error in the instructions. *State v. Zelenka,* 130 Wis. 2d 34, 44, 387 N.W.2d 55, 59 (1986). Section 972.11(1), Stats., makes sec. 805.13(3) applicable to criminal trials.[4] Even when a substantive constitutional right is involved, sec. 805.13(3) requires an objection to the proposed jury instructions be made or any error is waived. *State v. Olsen,* 99 Wis. 2d 572, 581, 299 N.W.2d 632, 637 (Ct. App. 1980).

In *Air Wisconsin, Inc. v. North Cent. Airlines, Inc.,* 98 Wis. 2d 301, 311, 296 N.W.2d 749, 753 (1980), our supreme court explained the reasoning underlying the special waiver rule in regard to jury instructions:

[3]Section 805.13(3) provides:

At the close of the evidence and before arguments to the jury, the court shall conclude a conference with counsel outside the presence of the jury. At the conference, or at such earlier time as the court reasonably directs, counsel may file written motions that the court instruct the jury on the law, and submit verdict questions, as set forth in the motions. The court shall inform counsel on the record of its proposed action on the motions and of the instructions and verdict it proposes to submit. Counsel may object to the proposed instructions or verdict on the grounds of incompleteness or other error, stating the grounds for objection with particularity on the record. *Failure to object at the conference constitutes a waiver of any error in the proposed instructions or verdict.*

[Emphasis added.]

[4]Section 972.11(1) provides in part:

Except as provided in subs. (2) to (4), the rules of evidence and practice in civil actions shall be applicable in all criminal proceedings unless the context of a section or rule manifestly requires a different construction....

The purpose of the rule requiring that the grounds for objection be stated on the record is to afford the opposing party and the trial court an opportunity to correct the error and to afford appellate review of the grounds for the objection. This court has stated that, in the absence of a specific objection which brings into focus the nature of the alleged error, a party has not preserved its objections for review. [Citations omitted.]

*Air Wisconsin* was followed by *C.E.W. v. Waukesha County Dept. of Soc. Servs.,* 124 Wis. 2d 47, 55–56, 368 N.W.2d 47, 51–52. (1985), in which the court discussed the "plain error" nonwaiver rule first enunciated in *Claybrooks v. State,* 50 Wis. 2d 79, 84–85, 183 N.W.2d 139, 142, (1971). The court stated:

Relying on the "plain error" rule, the County and guardian ad litem maintain that this court may review the instructions even if we find that no objection was made at trial. We recognize that the parties' use of the term "plain error" was in response to the language of this court in its request that the parties brief the issue of whether the "plain error" rule was applicable. "Plain error" is used in relation to evidentiary rules in sec. 901.03(4), Stats. 1981–82. This case does not involve waiver of an objection to evidence. Rather, this case involves waiver of an objection to an erroneous instruction. In considering an erroneous instruction to which objection was not properly preserved for appellate review, we shall rely on sec. 751.06, just as we did in *Air Wisconsin, supra.* [Footnotes omitted.]

In *State v. Shah,* 134 Wis. 2d 246, 251–52 n. 4, 397 N.W.2d 492, 495 n. 4 (1986), the court considered

whether an objection to an instruction is waived "when the instruction misstates the law, rather than being simply imperfect or incomplete," a test first set forth in *Lambert v. State,* 73 Wis. 2d 590, 607 n. 9, 243 N.W.2d 524, 532 n. 9 (1976). The court concluded that with the adoption of sec. 805.13(3), the *Lambert* test was abolished. *Id.*

■

Under the court's analysis in *C.E.W.* and *Shah,* the enactment of sec. 805.13(3) in 1978 abolished the previous exceptions to the waiver rule regarding jury instructions. These exceptions include the "plain error" test enunciated in *Claybrooks* in 1971, and the "form-substance" test enunciated in *Lambert* in 1976. In accord with that reasoning, the "compelling circumstances" test adopted in *Brown v. State,* 59 Wis. 2d 200, 214, 207 N.W.2d 602, 609, (1973), was also abolished with the adoption of sec. 805.13(3). Accordingly, we conclude that the plain error, form-substance, and compelling circumstances exceptions to the instructional waiver rule no longer exist. To conclude otherwise would render sec. 805.13(3) meaningless.

In reaching this conclusion, we do not hold that an appellate court lacks authority to review an alleged but waived instructional error. In *Shah,* 134 Wis. 2d at 253–54, 397 N.W.2d at 496, the supreme court noted that an appellate court has the discretionary power to review a claimed instructional error even if no objection was made at trial. The court was not establishing a new exception to sec. 805.13(3), but rather was simply electing to exercise its discretionary power to review the waived error.

In addition to this discretionary power to review a claimed but waived error, we may elect to review a

waived error in the interest of justice under sec. 752.35, Stats., if it appears that the true controversy has not been fully tried or if it is probable that justice had miscarried.[5] *State v. Bembenek,* 111 Wis. 2d 617, 638, 331 N.W.2d 616, 627 (Ct. App. 1983).

Under the facts of this case, we decline to exercise our discretionary power to review the alleged but waived instructional error. As part of his trial strategy, Damon requested the felony murder instruction given by the trial court. A defendant cannot create his own error by deliberate choice of strategy and then expect to receive benefit from that error on appeal.

*By the Court.*—Judgment and order affirmed.

---

[5]Section 752.35 provides:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.