STATE of Wisconsin, Plaintiff-Respondent,

v.

Anthony GLENN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 93–2918–CR. Oral argument November 2, 1995.—Decided March 15, 1996.*

(Also reported in 545 N.W.2d 230.)

For the defendant-appellant-petitioner there were briefs and oral argument by *William J. Tyroler*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Stephen W. Kleinmaier*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

ANN WALSH BRADLEY, J. Anthony Glenn seeks review of a decision of the court of appeals[1] affirming his judgment of conviction for intermediate aggravated battery, party to a crime. He argues that the trial court erred in not giving his requested jury instruction on the lesser-included offense of battery. Glenn asserts that he was entitled to the lesser-included offense because the incident for which he was charged consisted of two separate acts and the jury could have believed evidence that he participated only in conduct consisting of simple battery. Because the only element differentiating simple battery and intermediate aggravated battery is the degree of harm and it is undisputed that there was great bodily harm, we affirm the trial court's refusal to instruct the jury on the lesser-included battery offense.

I.

The victim, Robert Massaro, and three friends, Cheryl Greer, Dennis Gadbois, and Christy Pruitt, were at the end of the government fishing pier at McKinley Marina in Milwaukee when Glenn arrived with three of his friends, Jon Matthews, Steven Brown, and Anthony Kimber. A confrontation between the two groups ensued. The accounts from the participants and witnesses of the subsequent events vary substantially. However, it is undisputed that members of Glenn's

[1] *State v. Glenn*, 190 Wis. 2d 155, 526 N.W.2d 752 (Ct. App. 1994).

group repeatedly struck Massaro. At some point Massaro fled down the pier toward shore. Brown immediately chased Massaro, and Glenn and his other two friends followed at various speeds and distances. Massaro eventually jumped from the pier into the lake and subsequently drowned.

Glenn was charged with intermediate aggravated battery, party to a crime, contrary to Wis. Stat. §§ 940.19(1m) and 939.05 (1989-90).[2] The information alleged that Glenn, as party to a crime, intended to cause bodily harm to Massaro but instead caused great bodily harm when Massaro jumped to his death.

At trial Glenn testified that although he hit Gadbois at the end of the pier, he never hit Massaro. He

---

[2] All future statutory references are to the 1989-90 volume unless otherwise indicated. Wisconsin Stat. § 940.19(1m) states:

> Whoever causes great bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class E felony.

Wisconsin Stat. § 939.05 states in relevant part:

> **Parties to crime. (1)** Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.
>
> **(2)** A person is concerned in the commission of the crime if he:
>
> (a) Directly commits the crime; or
>
> (b) Intentionally aids and abets the commission of it; or
>
> (c) Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. . . .

also admitted that he ran down the pier after Brown began to chase Massaro, and recalled that Kimber repeatedly yelled "get him [Massaro]." Nevertheless, Glenn denied being a part of the chase. He testified that Massaro and Brown were already gone when he began running and that he had no intention of getting involved with that fight. Instead, he testified that he was running in an attempt to get off the pier "[b]ecause things just wasn't going right" and he wanted to go home.

Contrary to Glenn's exculpatory testimony, several witnesses and participants implicated him in the entire incident. Two witnesses, Pruitt and Greer, testified that they saw all four men running after Massaro and that all were very close behind him. Matthews also told police that Glenn chased Massaro. Brown testified at trial that he did not see Glenn hit Massaro at the end of the pier, but admitted telling police after the incident that Glenn had done so.

At the close of trial, Glenn requested that the court instruct the jury on the lesser-included offense of simple battery based on his version of the facts.[3] He argued that the jury could have reasonably accepted his denial of participation in the chase leading to the drowning, but accepted evidence that he participated in the initial beating at the end of the pier, which only caused bodily harm to Massaro.

The trial court, relying on *State v. Wilson*, 149 Wis. 2d 878, 440 N.W.2d 534 (1989), denied Glenn's request to instruct the jury on battery as a lesser-included

---

[3] Section 940.19(1) defines simple battery as follows:

Whoever causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor.

offense. In *Wilson*, this court held that a defendant may receive a lesser-included offense instruction, even when the defendant has given exculpatory testimony, if a reasonable but different view of the nonexculpatory evidence supports acquittal on the greater charge and conviction on the lesser charge. *Id.* at 900-01. The trial court reasoned that based on the evidence presented, there was no basis for a conviction of a lesser-included simple battery because there was no dispute that the resulting injury to Massaro constituted great bodily harm.

The court of appeals affirmed the trial court's denial of the lesser-included battery instruction, but on other grounds. *State v. Glenn*, 190 Wis. 2d 155, 526 N.W.2d 752 (Ct. App. 1994). The court agreed with Glenn that a reasonable view of the evidence suggested that the beating at the end of the pier was separate from the subsequent chase and jump into the lake. *Id.* at 161-64. However, relying on *May v. State*, 91 Wis. 2d 540, 283 N.W.2d 460 (Ct. App. 1979), *affirmed on other grounds*, 97 Wis. 2d 175, 293 N.W.2d 478 (1980), the court held that unlike with conspiracy, a defendant may not withdraw from aiding and abetting. *Glenn*, 190 Wis. 2d at 164-66. The court concluded that because the trial court correctly instructed the jury on withdrawal from a conspiracy, an additional lesser-included offense instruction on simple battery would have been inconsistent with *May. Id.* at 166.

II.

The primary issue presented is whether the trial court erred in denying Glenn's request for a jury instruction on the lesser-included offense of simple battery. While this court gives the circuit court broad

581

discretion with respect to the submission of jury instructions, the issue of whether the evidence adduced at trial permits the giving of a lesser-included offense instruction presents a question of law which we review *de novo. Wilson,* 149 Wis. 2d at 898.

Glenn's theory in favor of the lesser-included instruction rests on two components. On one hand, to be eligible for a lesser-included offense, Glenn necessarily argues that there was one overarching aggravated assault properly characterized as one continuous criminal event. On the other hand, Glenn contends that the aggravated assault consisted of two distinct acts: the battery at the end of the pier and the subsequent chase and jump into the lake. Glenn asserts that he is entitled to the battery instruction based on the evidence that he terminated his involvement after the battery. We will address each component of Glenn's theory in turn.

Glenn's theory in favor of the lesser-included battery instruction first depends on the existence of one crime. The parties in their briefs and in oral argument to this court vigorously disputed whether the incident in question should be characterized as one or two crimes. Such arguments are misplaced. The relevant question is not whether the State could have charged one crime or two, but rather the propriety of charging the incident as one crime as the State chose to do here. We must view the evidence in the light most favorable to Glenn and his theory that the multiple acts of battery were properly charged in one offense as a continuing course of conduct. *See State v. Jenkins,* 168 Wis. 2d 175, 202, 483 N.W.2d 262 (Ct. App. 1992), *cert. denied,* 506 U.S. 1002 (1992).

The testimony in this case regarding the time and distance between the beating at the end of the pier and

Massaro's fatal jump varied widely. Gadbois testified that the incident lasted three to four minutes once members of Glenn's group began hitting Massaro. However, Greer estimated that the elapsed time was "no more than 15 minutes." Witnesses also had different estimates of the distance involved: Gadbois and Glenn estimated that the pier was between three and four blocks long while Matthews estimated the pier to be the length of a football field or four to six blocks long. Both Greer and Gadbois testified that Massaro jumped off at approximately the midpoint of the pier.

This court in *State v. Giwosky*, 109 Wis. 2d 446, 326 N.W.2d 232 (1982), considered a similar fact situation involving a defendant charged with one count of battery for an incident involving two distinct assaults. In *Giwosky*, the victim testified that he was fishing in a river when the defendant threw a log from shore and hit him in the head. The victim then climbed out of the water to confront the defendant. A struggle ensued and the defendant hit the victim numerous times, struck him in the face with his knee and kicked him in the back. *Id.* at 448-49.

The legal question presented was whether the defendant's right to a unanimous verdict was violated when the trial court did not instruct the jury that it had to be unanimous as to whether the defendant committed battery when he threw the log or during the altercation on the river bank. *Id.* at 451. This court held that because the incident was a continuous act, unanimity required only that the jury agree that the defendant committed an act of battery, not which particular act. The court explained:

> The evidence introduced at trial establishes that the encounter was a short continuous incident that

can not be factually separated. . . . Once the defendant began the altercation . . . there was no 'break in the action' and the confrontation continued until the defendant had incapacitated [the victim] on the river bank. *After all, every blow that is struck in an altercation such as this is not a separate incident.*

*Id.* at 456-57 (emphasis added).

Like *Giwosky*, there was evidence presented at trial in this case, when viewed most favorably to Glenn's one-crime theory, that the encounter on the pier was a short, continuous event. The chase followed immediately after the beating; there was no "break in the action." According to some witnesses, the incident lasted only a few minutes, with the battery and chase confined to the narrow pier until Massaro jumped from the pier to his death. Therefore, we conclude that the incident here may properly be viewed as a single continuous criminal event.

■
This court has recognized that when charging a defendant who has engaged in a series of separate offenses which may properly be viewed as one continuing offense, "it is within the State's discretion to elect whether to charge 'one continuous offense or a single offense or series of single offenses.' " *State v. Lomagro*, 113 Wis. 2d 582, 587, 335 N.W.2d 583 (1983), quoting *State v. George*, 69 Wis. 2d 92, 100, 230 N.W.2d 253 (1975). *See also State v. Chambers*, 173 Wis. 2d 237, 250, 496 N.W.2d 191 (Ct. App. 1992). Accordingly, we conclude that the State properly exercised its discretion in issuing one charge of intermediate aggravated battery.[4]

---

[4] This court also recognizes that the prosecutorial discretion to join separately chargeable offenses into one count is limited by the prohibition against duplicity. *State v. Lomagro*,

## III.

Having concluded that the incident was appropriately charged as one continuous course of criminal conduct, we next address whether the trial court erred in denying Glenn's request for an instruction on the lesser-included battery offense. Glenn argues that he was entitled to the lesser-included battery instruction because the jury could have believed evidence that he participated in the battery at the end of the pier but that he was not involved in the subsequent chase which caused Massaro to jump in the lake.

"The submission of a lesser-included offense instruction is proper *only* when there are reasonable grounds in the evidence both for acquittal on the greater charge and conviction on the lesser offense." *Wilson*, 149 Wis. 2d at 898. In this case Glenn presented wholly exculpatory testimony as to the charged offense but nonetheless requested a lesser-included battery instruction. As the trial court properly recognized, in such circumstances, a defendant or the State may receive a lesser-included offense instruction if a reasonable but different view of the record and any

113 Wis. 2d 582, 588, 335 N.W.2d 583 (1983). "The purposes of the prohibition against duplicity are: (1) to assure that the defendant is sufficiently notified of the charge; (2) to protect the defendant against double jeopardy; (3) to avoid prejudice and confusion arising from evidentiary rulings during trial; (4) to assure that the defendant is appropriately sentenced for the crime charged; and (5) to guarantee jury unanimity." *Id.* at 586-87. A complaint may be found duplicitous "only if any of these dangers are present and cannot be cured by instructions to the jury." *Id.* at 589. On review, Glenn does not challenge the complaint on duplicity grounds by claiming that any of these dangers affected his trial. We therefore need not further address this issue.

testimony other than the defendant's exculpatory testimony supports acquittal on the greater charge and conviction on the lesser charge. *Id.* at 900.

In the classic case of battery given as a lesser-included offense for intermediate aggravated battery, the question for the jury is whether the victim suffered great bodily harm or merely bodily harm. Here, however, the question of the degree of bodily harm is not at issue because it is undisputed that there was great bodily harm. Therefore, we hold that the trial court properly concluded that the lesser-included battery offense was not appropriate because the degree of harm does not support acquittal on the greater charge and conviction on the lesser charge. *Wilson*, 149 Wis. 2d at 898.

Glenn argues that while the resulting harm constituted great bodily harm, the jury could believe that *his* actions did not cause it. This argument ignores the fact that Glenn was charged as party to the crime of intermediate aggravated battery.

The State's information did not specifically identify the alternative basis of liability under § 939.05 upon which it was relying to prove Glenn's guilt. Therefore, pursuant to Wis JI—Criminal 400 (1962)[5], the jury was instructed that Glenn was guilty of the aggravated assault if he directly committed it, intentionally aided and abetted the commission of it, or was a party

[5] The 1962 version of Wis JI—Criminal 400 provided a model for each of the alternative bases for party to a crime under § 939.05. In 1994, Wis JI—Criminal 400 was replaced with a series of separate instructions for each basis intended in part to facilitate submitting only the grounds that are supported by the evidence. *See generally* Wis JI—Criminal 400-415; Wis JI—Criminal 400, cmt.

to a conspiracy with another to commit it. We are in accord with the position of the State that its proof did not depend on *Glenn's* participation in the chase.

We disagree with the court of appeals that *May* controls this case. In *May*, the court of appeals concluded in part that an aider and abettor cannot withdraw from a completed act of assistance. *May*, 91 Wis. 2d at 549-50. The court of appeals in the present case relied on this holding and concluded that if Glenn participated in the battery but did not pursue Massaro, he still was a co-actor aiding the subsequent acts of any of his accomplices who did pursue Massaro and caused him to jump into the lake. *Glenn*, 190 Wis. 2d at 164.

Upon reviewing *May*, this court recognized that in holding that an aider and abettor cannot withdraw his or her aid and avoid liability, the court of appeals decided an issue that was not before it. As a result, this court neither endorsed nor rejected that holding because it was not properly before this court. *May*, 97 Wis. 2d at 188-89. Likewise, the State did not believe that the issue was presented here, as it did not rely on *May* in its arguments.

Despite its holding, the court of appeals recognized that the facts of *May* are "quite different." *Glenn*, 190 Wis. 2d at 165. In *May*, the defendant arranged a drug transaction between his companion and a person who proved to be an undercover agent. However, the defendant later changed his mind and told his companion to abandon the transaction because he suspected police involvement. The defendant did not participate in the delivery and received nothing from the transaction. *May*, 91 Wis. 2d at 544-46.

Therefore, the question for the court of appeals was whether the defendant could withdraw from a conspiracy to commit a specific, intended crime. Here, the

587

issue is whether liability under § 939.05 extends to an unintended crime that develops from an intended crime. We agree with Glenn that this case is most analogous to those cases where the defendant is alleged to be guilty as party to a crime on the theory that he or she intentionally aided and abetted in a crime or conspired in the commission of a crime, of which the charged crime is a natural and probable consequence. *See State v. Ivy*, 119 Wis. 2d 591, 350 N.W.2d 622 (1984); *State v. Asfoor*, 75 Wis. 2d 411, 249 N.W.2d 529 (1977); *State v. Cydzik*, 60 Wis. 2d 683, 211 N.W.2d 421 (1973). In such cases this court has held that "one who intentionally aids and abets the commission of a crime is responsible not only for the intended crime, if it is in fact committed, but as well for other crimes which are committed as a natural and probable consequence of the intended criminal acts." *Asfoor*, 75 Wis. 2d at 430, citing *Cydzik*, 60 Wis. 2d at 696-98.

The question of whether the act committed was the natural and probable consequence of the act encouraged is a factual question for the jury. *Asfoor*, 75 Wis. 2d at 431, quoting *People v. Durham*, 449 P.2d 198, 204, *cert. denied*, 395 U.S. 968 (1969). Glenn argues that this factual question for the jury would have been embodied by a lesser-included offense instruction on simple battery.

Contrary to Glenn's argument, this court has held that:

> [i]f the *Asfoor-Cydzik* theory of liability of an aider and abettor is implicated in a particular case, the jury should be instructed that the defendant's liability as an aider and abettor extends to any crime that was committed as a natural and probable consequence of the intended criminal acts, as well as

the crime the defendant knowingly aided and abetted.

*Ivy*, 119 Wis. 2d at 602. Accordingly, we disagree with Glenn that the lesser-included battery offense constituted an appropriate substitute for the instruction suggested by this court in *Ivy*. Glenn was charged with party to the crime of intermediate aggravated battery. The choices for the jury were to acquit him of the charge if it found that the chase and jump into the lake was not a natural and probable consequence of the intended battery or to find him guilty as an aider and abettor or conspirator.

█

We recognize that this court's suggested instruction in *Ivy* was given in this case only within the context of the conspiracy instruction for liability under party to a crime, not within the instruction regarding aiding and abetting. However, as the court of appeals properly noted, Glenn failed to request such an instruction. The failure to object to a proposed jury instruction constitutes waiver of any error. Wis. Stat. § 805.13(3). *In Interest of C.E.W.*, 124 Wis. 2d 47, 54, 368 N.W.2d 47 (1985).

█

We also recognize that we may consider erroneous instructions to which objection was not properly preserved for appellate review based on our discretionary reversal authority set forth in § 751.06. *C.E.W.*, 124 Wis. 2d at 55; *Air Wisconsin, Inc. v. North Central Airlines, Inc.*, 98 Wis. 2d 301, 296 N.W.2d 749 (1980). However, we do not feel compelled, as does the dissent, to further review the intermediate battery instruction, which Glenn has never challenged at any level in this case. *See generally* Justice Geske's dissent. The dissent would apparently exercise this court's discretionary

589

review to reverse and remand this case for a new trial. *See State v. Zelenka*, 130 Wis. 2d 34, 44, 387 N.W.2d 55 (1986). It contends that the intermediate battery instruction advised the jury to convict Glenn simply if another person committed the crime. The dissent concludes that we must reverse and remand because such an error affects Glenn's fundamental rights under the Due Process Clause. Justice Geske's dissent at 596.

■

We reiterate that even when a substantive constitutional right is involved, § 805.13(3) requires an objection to the proposed jury instructions be made or any error is waived. *State v. Damon*, 140 Wis. 2d 297, 302, 409 N.W.2d 444 (Ct. App. 1987). However, even if we were to exercise our discretionary review authority to consider the intermediate battery instruction *sua sponte*, we would not conclude that the error identified by the dissent mandates reversal.

■

It is well established that when reviewing challenges to jury instructions, we do not view a single instruction to a jury in artificial isolation. *Zelenka*, 130 Wis. 2d at 49. Rather, if jury instructions, when considered as a whole and in their entirety, render an error harmless because the overall meaning communicated by the instruction was a correct statement of the law, there are no grounds for reversal based on that error. *State v. Paulson*, 106 Wis. 2d 96, 108, 315 N.W.2d 350 (1982).

■

In this case, the party to a crime instruction was given immediately before the intermediate aggravated battery instruction. Further, the jury was instructed that the information charged Glenn with intermediate aggravated battery, party to a crime, and that the

State must prove every element of the offense beyond a reasonable doubt.[6] This directed the jury that it must find that Glenn was either a direct actor, aider and abettor or conspirator in the intermediate aggravated battery. Therefore, upon reviewing the instructions in their entirety, we disagree with the dissent that "the clear instruction to the jury was to convict this defendant even if the jury was convinced beyond a reasonable doubt that 'another' had committed the crime of intermediate aggravated battery."[7] Justice Geske's dissent at 595-96.

---

[6] The jury was instructed as follows:

> The information in this case charges that on June 30, 1990, at 1700 North Lincoln Memorial Drive, City of Milwaukee, defendant, as a party to a crime, did cause great bodily harm to Robert Massaro, by an act done with intent to cause bodily harm to Robert Massaro, contrary to Wisconsin Statutes section 940.19(1m) & 939.05.
>
> To this charge, the defendant has entered a plea of not guilty which means the State must prove every element of the offense charged beyond a reasonable doubt.

[7] Although we find no reversible error in this case, we recognize the dissent's concern regarding the potential for confusion by using the instruction at issue here. *See generally* Justice Geske's dissent. As with all instructions, we urge that careful consideration be given when instructing juries in future cases involving liability under § 939.05. To that end, we note that the recently adopted jury instructions appear to address the dissent's concerns. The 1994 jury instruction revisions for party to a crime liability, *supra note 5*, provide more specifically for integrating the elements of the underlying crime with the facts required for party to a crime liability. The intent of this change was to more effectively emphasize that someone, if not the defendant charged in the instant case, directly committed the crime, and that the defendant is liable if he or she aided and abetted or conspired with the actor to commit the crime. *See* Wis JI—Criminal 400, cmt.

In sum, while we agree with the court of appeals that the trial court properly instructed the jury, we expressly do not adopt its rationale that *May* provides the proper basis for doing so. Instead, we agree with the trial court's rationale that the undisputed great bodily harm precludes a lesser-included battery offense instruction in this case.

*By the Court.*—The decision of the court of appeals is modified, and as modified, affirmed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). I join Justice Geske's dissent regarding the erroneous aggravated battery instruction. I write separately because I conclude that the circuit court should have also given the jury instruction on the lesser-included offense of simple battery.

When a reasonable view of the record, the evidence and any testimony other than that part of the defendant's testimony which is exculpatory would support an acquittal on the greater offense and conviction on the lesser-included offense, the lesser-included offense must be submitted to the jury. *State v. Wilson*, 149 Wis. 2d 878, 898-900, 440 N.W.2d 534 (1989). In applying this standard, the evidence must be viewed in the light most favorable to the defendant. *State v. Kramar*, 149 Wis. 2d 767, 792, 440 N.W.2d 317 (1989).

Ample evidence in this case suggests that the defendant committed the lesser-included offense of simple battery while not committing the greater offense of aggravated battery. Numerous witnesses testified that the defendant had participated in the initial fight at the end of the pier, thereby supporting the conclusion that he was guilty of simple battery. At the same time, however, even friends of the victim tes-

tified that some members of the defendant's party walked rather than ran off the pier. None of the three surviving members of the victim's party could identify the defendant in court. Finally, as the majority observes, one of the victim's friends placed the interval between the initial battery and the victim's subsequent jump into the water at close to fifteen minutes.

On the basis of this record, the jury might have concluded that some members of the defendant's party, including the defendant, did not participate in the chase of the victim. The jury might also have concluded that while the defendant participated in the initial battery against the victim, the victim's death was not a natural and probable consequence of that battery. Thus under the facts and circumstances of this case, the jury might well have concluded that the defendant committed simple battery but not aggravated battery.

The majority opinion acknowledges that a foreseeability instruction limiting the defendant's liability to the act he intended to commit as well as its natural and probable consequences would have been appropriate in this case. But the majority concludes that the defendant waived his right to such an instruction by failing to request it. Because the circuit court rejected the defendant's request for a simple battery instruction, a reasonable person in the defendant's position would have concluded that a foreseeability instruction addressed to the natural and probable consequences of that simple battery would have been futile. Hence I would not conclude that the defendant had waived his objection to a foreseeability instruction.

For the reasons set forth, I dissent.

JANINE P. GESKE, J. (*dissenting*). I dissent from the mandate affirming the conviction in this case because I believe that the circuit court erroneously modified the substantive instruction on aggravated battery in this case. Since I conclude that the modification constitutes plain error, Glenn should be granted a new trial.

Although the circuit court properly instructed the jury with regard to party to a crime involvement in a criminal offense, it inadvertently erroneously modified the aggravated battery instruction in this case. Following an instructions conference, the circuit court indicated that it was going to modify the standard instruction. Regarding pattern jury instruction 1227 (Battery under § 940.19(1m)) [intermediate aggravated battery], the court stated, "that will read, because this is charged party to a crime, first that the defendant or another caused great bodily harm, and throughout it will be the defendant or another, . . ." With no objection from the parties, the circuit court changed instruction 1227 which originally read:[1]

> If you are satisfied beyond a reasonable doubt that the defendant caused great bodily harm to Robert Massaro without Robert Massaro's consent, that the defendant acted with the intent to cause bodily harm to Robert Massaro, and that the defendant knew that Robert Massaro did not consent, you should find the defendant guilty.

to:

---

[1] Wis JI—Criminal 1227 was withdrawn in 1994 and replaced with Wis JI—Criminal 1224 (Battery under § 940.19 (4)).

If you are satisfied beyond a reasonable doubt that the defendant **or another** caused great bodily harm to Robert Massaro without Robert Massaro's consent, that the defendant **or another** acted with the intent to cause bodily harm to Robert Massaro, and that the defendant **or another** knew that Robert Massaro did not consent, you should find the defendant guilty. (Emphasis added.)

The circuit court clearly was attempting to modify the instruction to cover the defendant's potential role as a party to a crime. However, instead of the instruction telling the jury that it should convict the defendant if he either directly committed aggravated battery or if another with whom the defendant acted as a party to a crime committed aggravated battery, the instruction, as given, told the jury to convict the defendant even if another person committed the crime.

In this case, there is no dispute that someone committed the crime. The only issue the State and defense presented to the jury was whether this defendant, either directly or as a party to a crime, committed the aggravated battery. Based on the facts in this record, if the jury followed this instruction, it would have had to convict the defendant whether or not the jurors believed he was party to the crime.

Despite an erroneous jury instruction, we will uphold a jury verdict when, "the jury instructions, when considered as a whole and in their entirety, render the error harmless because the overall meaning communicated by the instruction was a correct statement of the law, . . ." *State v. Paulson*, 106 Wis. 2d 96, 108, 315 N.W.2d 350 (1982). However, in this case, the clear instruction to the jury was to convict this defendant even if the jury was convinced beyond a

reasonable doubt that "another" had committed the crime of intermediate aggravated battery.

Although this court rarely reviews an issue not raised by the parties, I would have requested that the parties brief what appears to be a fundamental error affecting Glenn's rights under the Due Process Clause of the United States Constitution. Despite the fact that failure to make a timely objection to erroneous instructions is considered waiver, this court may choose to review jury instructions "which raise federal constitutional questions going to the integrity of the fact-finding process." *State v. Zelenka*, 130 Wis. 2d 34, 44, 387 N.W.2d 55 (1986). I feel that review of this issue is warranted despite waiver because the instruction given clearly impinged on the integrity of the fact-finding process.

Further, where the gravity of the erroneous instruction is so great that it goes to the heart of the defense, reversal is warranted. *See, e.g., State v. Brown*, 118 Wis. 2d 377, 384, 348 N.W.2d 593 (1984); *Werner v. State*, 66 Wis. 2d 736, 750, 226 N.W.2d 402 (1975). Since the majority chooses not to request rebriefing on this issue, based on the record before us, I believe that the defendant should be granted a new trial.

I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this opinion.