Theodore C. **RUARK** and Charles W. Ferguson, Appellants,

v.

Harry C. **TINSLEY**, Warden of the Colorado State Prison, Appellee.

No. 8061.

United States Court of Appeals Tenth Circuit.

Aug. 3, 1965.

Diane C. MacDonald, Denver, Colo., for appellants.

George E. DeRoos, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying an application for a writ of habeas corpus. Both Ferguson and Ruark, hereinafter referred to collectively as petitioners, are confined in the Colorado State Penitentiary under sentences imposed by a Colorado state court. Ferguson was sentenced on a plea of guilty and Ruark on a verdict of guilty.

Prior to their conviction, the petitioners filed an application in the Colorado Supreme Court for a writ of prohibition to prevent the prosecution of the state criminal charges. It was denied and a petition for certiorari to review the decision was also denied by the United States Supreme Court.

At the time of the entry of the order denying the application for the writ of habeas corpus, petitioners had sought no relief in the state court on the grounds set up in the application for the writ of habeas corpus.

The grounds alleged in the application for the writ were that petitioners were arrested without a warrant and confined in Colorado jails for a period of 14 days without being taken before a Justice of the Peace, without being advised of their right to bail or informed of the charges against them, as required by Rule 5 of the Colorado Rules of Criminal Procedure; [1] and it was not until such 14-day

---

1. Rule 5, supra, in part provides:
    "(a) *Appearance before the Justice of the Peace.*
      *    *    *    *    *

    "(2) *Without Warrant.* Any person making an arrest without a warrant shall take the arrested person within a reasonable time before the nearest

period had elapsed that they were taken before the District Court of Adams County, Colorado, charged by information with the offenses for which they were convicted and sentenced, and informed of their right to bail and of the charges against them.

Rule 35(b) of the Colorado Rules of Criminal Procedure provides:

"A prisoner in custody under sentence and claiming a right to be released on the ground that such sentence was imposed in violation of the constitution or laws of Colorado or of the United States, * * * may file a motion at any time in the court which imposed such sentence to vacate, set aside or correct it. * * * If the court finds * * * that the sentence imposed was illegal, * * * or that there was a violation of the prisoner's constitutional rights of a sort not effectively

available justice of the peace. When a person thus arrested is taken before a justice of the peace, a complaint shall be filed forthwith in the county where the crime allegedly was committed, and a copy of the complaint shall be given to the accused person within a reasonable time.

"(b) *Procedure before the Justice of the Peace.*

"(1) *Before the Justice of the Peace Who Issued the Warrant.* The justice of the peace shall inform the defendant of the complaint against him, of the amount of bail, if the offense is bailable, of his right to retain counsel and of his right, in all cases in which the justice of the peace has no jurisdiction to enter final judgment, to have a preliminary examination. He shall also inform the defendant that he is not required to make a statement and that any statement made by him may be used against him. The justice of the peace shall allow the defendant reasonable time and opportunity to consult counsel and, if the offense is bailable, shall admit him to bail.

subject to review on writ of error * * * the court shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. * * * "

In Henry v. Tinsley, 10 Cir., 344 F.2d 109, 110, this court said:

"Rule 35(b) of the Colorado Rules of Criminal Procedure is substantially similar to 28 U.S.C. § 2255 and furnishes a readily available remedy for post-conviction relief. Colorado Rules 37 and 39 permit appellate review by writ of error of decisions made under Rule 35(b)."[2]

Since petitioners have not exhausted the remedy provided for them by Rule 35(b), we conclude that the lower court properly denied their application for that reason.[3]

Affirmed.

*     *     *     *     *

"(3) *Before a Justice of the Peace Where No Warrant Has Issued.* When a defendant arrested without a warrant is taken before a justice of the peace, the justice of the peace shall inform him of the matters set out in subsection (b) (1) above. He shall allow the defendant reasonable time and opportunity to consult counsel and if the offense is bailable shall admit him to bail.

*     *     *     *     *

"(d) *Preliminary Examination.* Where the complaint charges a felony, or a misdemeanor over which the justice of the peace does not have complete jurisdiction, the justice of the peace within a reasonable time shall conduct a preliminary examination. * * * "

2. See also: Sepulveda v. Colorado, 10 Cir., 335 F.2d 581, 582; Sides v. Tinsley, 10 Cir., 333 F.2d 1002, 1003; Vanderhoof v. People, 152 Colo. 147, 380 P. 2d 903; Stewart v. Tinsley, Colo., 403 P.2d 220, decided June 21, 1965.

3. See 28 U.S.C. § 2254.