25CA0106 Peo v Wardak 04-02-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0106
Jefferson County District Court No. 20CR3467
Honorable Diego G. Hunt, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Omar Wardak,

Defendant-Appellant.

ORDER AFFIRMED

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 2, 2026

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

The Noble Law Firm, LLC, Tara Jorfald, Maya Arriaga Martin, Lakewood,
Colorado, for Defendant-Appellant

¶ 1    Defendant, Omar Wardak, appeals the district court's order denying his Crim. P. 35(c) motion alleging ineffective assistance of counsel. We affirm.

## I.    Background

¶ 2    Wardak pleaded guilty to sexual assault on a child by one in a position of trust. The district court sentenced Wardak to an indeterminate term of ten years to life of Sex Offender Intensive Supervised Probation (SOISP) with a ninety-day jail sentence as a condition of probation. Following a probation revocation hearing, the court revoked Wardak's SOISP and resentenced him to an indeterminate term of two years to life in the custody of the Department of Corrections (DOC) followed by a parole term of ten years to life.

¶ 3    Wardak filed a Crim. P. 35(c) motion. He argued in the motion that his plea counsel provided ineffective assistance by failing to investigate and present mitigating information in support of plea negotiations. The district court denied this claim without a hearing.

## II.    Analysis

¶ 4    Wardak contends that the district court erred by denying his Crim. P. 35(c) claim without a hearing. Specifically, he contends

that he was entitled to a hearing on his claim that his plea counsel was ineffective because of counsel's failure to properly investigate his familial, cultural, and neurodevelopmental circumstances. He further contends that had his plea counsel done so, counsel would have been able to present mitigating information to the prosecution in plea negotiations, showing that Wardak was unlikely to complete SOISP, such that the People would have offered a plea deal with a determinate DOC sentence. We discern no error.

### A. Applicable Law and Standard of Review

¶ 5 We apply the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), when evaluating claims of ineffective assistance of trial counsel. *Ardolino v. People*, 69 P.3d 73, 76 (Colo. 2003). To prevail on such a claim, the defendant must ultimately show that (1) trial counsel's performance was deficient, and (2) the deficient performance prejudiced them. *Strickland*, 466 U.S. at 686. To be entitled to a hearing on a postconviction motion, a defendant need not set forth the evidentiary support for their allegations, but must assert facts that, if true, would form the basis for relief. *White v. Denv. Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).

¶ 6 To adequately plead deficient performance, a defendant must allege facts that would demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (citation omitted). To adequately plead prejudice, a defendant must allege facts that would show a reasonable probability that, absent the errors, "the result of the proceeding would have been different." *Id.* at 694.

¶ 7 Because a defendant must ultimately prove both deficient representation and prejudice, denial of a Crim. P. 35(c) motion without a hearing is proper if "the existing record establishes that the defendant's allegations, even if proven true, would fail to establish one or the other prong of the *Strickland* test." *Ardolino*, 69 P.3d at 77. "[W]here the defendant alleges sufficient facts that, if true, may warrant relief, the court must conduct an evidentiary hearing." *People v. Chalchi-Sevilla*, 2019 COA 75, ¶ 7. But bare

and conclusory allegations do not warrant a hearing. *People v. Phipps*, 2016 COA 190M, ¶ 18.

¶ 8   A defendant's right to effective assistance of counsel extends to the plea bargaining process. *Missouri v. Frye*, 566 U.S. 134, 144 (2012). Thus, a claim alleging ineffective assistance during plea negotiations is subject to *Strickland's* two-part analysis. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

¶ 9   We review de novo a district court's denial without a hearing of a Crim. P. 35(c) motion. *People v. Davis*, 2012 COA 14, ¶ 6.

### B.   Application

¶ 10   Courts have recognized ineffective assistance claims regarding plea negotiations in a few contexts: (1) counsel's failure to initiate plea negotiations; (2) counsel's failure to convey an actual plea offer to the defendant; and (3) counsel's erroneous or incomplete advice about a plea offer. *See People v. Delgado*, 2019 COA 55, ¶¶ 16-18; *People v. Sifuentes*, 2017 COA 48M, ¶¶ 17-18; *People v. Sherman*, 172 P.3d 911, 913-14 (Colo. App. 2006). Wardak does not allege that his counsel was deficient under any of these theories.

¶ 11   Instead, Wardak alleges that his plea counsel was constitutionally deficient because his counsel did not sufficiently

4

investigate, and then provide to the prosecution, mitigating information in the hopes of securing a plea offer that would entail a determinate sentence instead of the indeterminate sentence Wardak accepted. Wardak cites no Colorado authority recognizing this novel theory of ineffective assistance of counsel in plea negotiations.

¶ 12 More importantly, however, Wardak's allegations of prejudice are bare and conclusory. He merely alleges that if the prosecutor had known he was not likely to complete SOISP, there is a reasonable possibility the prosecutor would have offered a plea to a charge that did not involve indeterminate sentencing. Nothing more.

¶ 13 No statement from the prosecutor corroborated this claim. Nor does anything in the motion or the record suggest it is true, particularly in light of the facts of the case — which involved Wardak having unprotected sex with a twelve-year-old girl whom he had known for less than a week.

¶ 14 In short, because Wardak's allegations of prejudice were wholly conclusory, he was not entitled to an evidentiary hearing. *See Phipps*, ¶ 18. Therefore, the district court did not err by denying the motion without a hearing.

### III. Disposition

¶ 15    The order is affirmed.

JUDGE WELLING and JUDGE LIPINSKY concur.